## Commonwealth *v.* Vanchaski, Appellant.

*Criminal law—Felonious assault—Attempt to commit murder—Act of March* 31, 1860, *Sec.* 81, *P. L.* 382.

1. On the trial of an indictment for felonious assault under sec. 81 of the Act of March 31, 1860, P. L. 382, which defines the offense as the causing, by various acts, "any person bodily injury dangerous to life with intention in any of the cases aforesaid to commit murder," there is no burden upon the commonwealth to establish by evidence that the defendant intended to commit the crime of murder of the first degree. It may show that the intention of the prisoner covered either of the degrees of murder recognized by the penal statute.

2. Where a prisoner is indicted in one count for felonious assault under sec. 81 of the act of March 31, 1860, and in a second count for the infliction of grievous bodily harm, and the jury find a verdict of not guilty on the first count, but guilty upon the second count, an assignment of error which relates to an alleged mistake in an answer to a point dealing only with the first count, will not be considered.

Submitted Dec. 9, 1909. Appeal, No. 26, March T., 1910, by defendant, from judgment of Q. S. Luzerne Co., Sept. T., 1909, No. 367, on verdict of guilty in case of Commonwealth v. Balka Vanchaski. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for assault and battery. Before HALSEY, J.

At the trial the defendant presented these points:

1. Before the jury can convict of the first count in the indictment they must first find from all the evidence that the defendant intended to commit the crime of murder. *Answer:* That point is affirmed with the direction to you that it may be of either murder in the second degree or murder of the first degree. [3]

2. Before the jury will be warranted in convicting defendant of the first count in the indictment, they must first find

that if death had resulted from the wound inflicted that the defendant intended to commit the crime of murder of the first degree. *Answer:* Refused. [1]

The court charged in part as follows:

The charge of assault and battery with intent to murder or felonious wounding is based upon this statute: " If any person shall administer or cause to be administered or taken by another any poison or other destructive thing, or shall stab, cut or wound any person or shall by any means whatsoever cause any person bodily injury, dangerous to life with intention in any of the cases aforesaid to commit murder he shall be guilty under this statute." Murder either of the first degree with the intent to take life or of the second degree, an unlawful, unjustifiable and malicious killing without such intent. If the attack was made in this way then there may be a conviction under this count in the indictment. [2]

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Miner B. Schnerr,* for appellant.—Since the distinguishing feature between the different kinds of murder is the intention to take life and that section of the act of assembly specifically directs the intention to murder must exist, it seems only fair to argue that it is murder of the first degree and not of the second degree. This distinction is clearly expressed by Judge MORRISON in the case of Com. v. Brosk, 8 Pa. Dist. Rep. 638, where he says: "The question that arises under section 82 of the act of March, 1860, is what kind of murder is therein referred to? Can a defendant be convicted under that section if his condition of mind, at and immediately before the shooting or attempted shooting, was such that if he had killed the person at whom he shot, it would only have been murder of the second degree? We have always understood the law to be that, in order to convict a defendant, the jury must find that he feloniously, willfully, and of his malice

aforethought did shoot or commit the act complained of, and that on the trial the commonwealth must prove such malice and premeditation and deliberation as is necessary to constitute murder in the first degree in a case where death results from the unlawful act of the defendant."

*Evan C. Jones,* assistant district attorney, and *Abram Salsburg,* district attorney, for appellee.—In Com. v. Radzinowicz, 39 Pa. Superior Ct. 173, Judge FULLER charged the jury, inter alia, as follows: "In order to convict of a felonious assault and battery, or assault and battery with intent to commit murder, the evidence must be such as would justify a jury had the wounds proved fatal, in returning a verdict of murder either in the first or second degree."

OPINION BY PORTER, J., March 3, 1910:

The defendant was tried upon an indictment containing three counts. The first count charged that he did with a knife assault and unlawfully and feloniously cut, stab and wound one Stanley Garvin, with intent to murder; this count being drawn under the eighty-first section of the Act of March 31, 1860, P. L. 382. The second count was drawn under the ninety-eighth section of the same statute and charged the same act as the unlawful and malicious infliction of grievous bodily harm. The third count charged the defendant with an assault and battery upon said Garvin. The jury rendered a verdict finding the defendant not guilty upon the first count of the indictment, which charged felonious assault and battery, but guilty upon the second count, charging an assault and the unlawful and malicious infliction of grievous bodily harm. The defendant was sentenced under the conviction upon the second count of the indictment and from that judgment appeals.

The appellant requested the court below to charge that in order to warrant a conviction upon the first count of the indictment the jury must find "that if death had resulted from the wound inflicted that the defendant intended to commit the crime of murder of the first degree." This point was refused by the court, and that refusal is the subject of the first

specification of error.   The court after explaining the distinction between murder of the first degree and murder of the second degree, instructed the jury that, in order to sustain a conviction under the first count of the indictment, they must find that the wound was maliciously inflicted with intent to commit murder, either of the first or second degree; upon which instructions the second and third specifications of error are founded.   The contention of the appellant is that in order to sustain a conviction of felonious assault and battery, under sec. 81 of the act of March 31, 1860, the burden is upon the commonwealth to establish by evidence that the defendant intended to commit the crime of murder of the first degree, and that a conviction cannot be sustained where, if death had resulted, the offense would under the evidence have been murder of the second degree.

We are not convinced that the contention of the appellant is well founded.   The legislature in defining the essential quality of this offense used the words "intention to commit murder."   Every unlawful killing with malice is murder.   This crime had in Pennsylvania, been divided into two degrees by the Act of April 22, 1794, 3 Sm. L. 186 for the purpose of fixing for each grade the punishment that was thought to be appropriate, and this distinction between the degrees of murder was expressly recognized in the act of March 31, 1860, which reenacted the provisions of the earlier statute.   The legislature in the very statute which defined the offense charged in the first count of this indictment dealt with the crime of murder.   The offense was divided into two degrees, but each of the degrees still remained murder, the one as much as the other.   Had it been the legislative purpose to confine the operation of the eighty-first section of the act of 1860 to some cases in which it was the intention, of one who inflicted a wound with a knife or pistol, to commit murder and exempt from the operation of that section other cases in which the intention to commit murder existed, it is certainly reasonable to assume that such legislative purpose would have been expressly declared.   The legislature were dealing with a statute which recognized two degrees of murder, and when they came to

deal with felonious assaults, in sec. 81 of that statute they used words, in defining the intention of the offender and making that intention the distinguishing characteristic of the offense, which distinctly covered both degrees of murder and murder at common law. In order to sustain the contention of the appellant something must be written into this statute which was not placed there by the legislature.

The distinguishing feature of murder of the first degree, save in those cases of killing in certain defined ways or in the perpetration of certain felonies, is the willful, deliberate and premeditated character of the act. Where a willful and deliberate intention is the subject of investigation; if the mind, from intoxication or any other cause, is deprived of its power to form a design with deliberation, the offense is stripped of the distinguishing features required by the statute to place it on the list of capital crimes. More is necessary than a blow with an instrument likely to kill to constitute murder of the first degree; there must be intention, deliberation and premeditation found; and the instrument is evidence upon this point. If this do not appear, the use of an instrument likely to kill, and which causes death, leaves the grade of the crime murder of the second degree; unless the killing is upon provocation sufficient to reduce it to voluntary manslaughter: Kelly v. Commonwealth, 1 Grant, 484. The case referred to was decided in 1858, and was the established law of the commonwealth at the time the act of 1860 was adopted. If the contention of this appellant could be sustained, there would be no case in which an offender who was under the influence of liquor, to such an extent as to render him incapable of forming a deliberate and premeditated design to kill, could be convicted of felonious assault and battery. The question does not seem to have been passed upon by either of the appellate courts, in the exact form in which it is presented by this defendant. The language of the charge of the court below, which was assigned for error and approved by the Supreme Court, in Commonwealth v. Matz, 161 Pa. 207, was certainly not in harmony with the contention of the defendant. The charge of the court in that case

could not have been sustained if, in order to sustain a conviction of felonious assault and battery, it had been held necessary for the commonwealth to prove that, had death resulted, the offense would have been murder of the first degree.

We have deemed it proper to thus deal with the question raised by these specifications of error for the reason that it has been squarely presented and it is one in which the decisions of the trial courts do not seem to have been always in harmony. The first three specifications of error must be dismissed for the additional reason that the defendant was not convicted upon the first count of the indictment. The jury found that when he inflicted the wound it was not his intention to commit murder, of either the first or second degree. He was only found guilty, under the ninety-eighth section of the statute, of the "unlawful and malicious infliction upon Garvin of grievous bodily harm, and unlawful cutting, stabbing and wounding;" which offense there can be no question was properly defined in the charge of the court below.

The remaining assignments of error are entirely without merit. We have examined the charge of the court and are unable to detect any particulars in which it is inadequate. The testimony of the defendant and that of the witnesses whom he had called in support of his attempt to establish an alibi, was impartially referred to by the court, and the question of fact thus raised was properly submitted to the jury. Had the defendant desired more specific instructions upon that or any other point he should have presented a written request to that effect.

The judgment is affirmed and the defendant is directed to appear in the court below at such time as he may there be called to the end that he may be by that court committed for such part of the sentence as had not been complied with at the time this appeal was made a supersedeas.

MORRISON, J., dissenting:

I concur in the judgment in this case, but dissent from so much of the opinion of the court as overrules the first assignment of error.