(No. 6786. May 21, 1940.)

STATE, Respondent, v. JAMES RANDOLPH, Appellant.

[102 Pac. (2d) 913.]

Hoyt Ray, for Appellant.

J. W. Taylor, Attorney General, and R. W. Beckwith, E. G. Elliott, Lawrence B. Quinn and D. W. Thomas, Assistant Attorneys General, for Respondent.

GIVENS, J.—Appellant engaged in a fight with, and subsequently fatal to, one Allie Peasley July 26, 27, 1939. The prosecuting attorney of Bonneville county filed a criminal complaint August 3, 1939, before the probate court of that county charging appellant with assault and battery. Appellant pleaded guilty to this charge on the same day. The record of the probate court discloses the following events:

"Now on this fifth day of August, 1939, George W. Edgington, Prosecuting Attorney of Bonneville County, State of Idaho moved this court that the plea of Guilty entered by the above named defendant in this cause be set aside, and that the cause be dismissed. Defendant, by and through his attorney of record resisted the motion to dismiss, and asked that the defendant be sentenced. The defendant being held upon another charge, the court took the matter under advisement.

"Now on this 1st day of September, 1939, George W. Edgington, Prosecuting Attorney of Bonneville County withdrew his motion made on the fifth day of August, 1939, as aforesaid, and the Court pronounced sentence as follows:

"Defendant, James Randolph the defendant herein was sentenced to serve four months in the Bonneville County Jail on the conviction of Assault and Battery, and sentence to run from the third day of August, 1939."

September 1, 1939, the prosecuting attorney filed in the district court an information charging appellant with murder in the second degree because of Peasley's death August 6,

1939. It is thus apparent from the above record that appellant had been held to answer to the district court on the charge of murder in the second degree prior to September 1st.

Appellant pleaded former jeopardy to the information charging murder in the second degree and waived trial by jury thereon (*State v. Crawford*, 32 Ida. 165, 179 Pac. 511), and the court found against him on that plea. On his additional plea of not guilty he was convicted by a jury of manslaughter, and appeals in effect solely from the court's adverse ruling on his plea of former jeopardy.

As to the charge of assault and battery jeopardy attached probably before, or at least on, appellant's plea of guilty. (*Ex parte Harron*, 191 Cal. 457, 217 Pac. 728; *State v. Gaimos*, 53 Mont. 118, 162 Pac. 596; *State v. Chandler*, 128 Or. 204, 274 Pac. 303; 16 C. J. 237, sec. 364.) The plea of guilty is equivalent to a verdict of guilty. (*People v. Goldstein*, 32 Cal. 432; *Belter v. State*, 178 Wis. 57, 189 N. W. 270; *Shepherd v. People*, 25 N. Y. 406; *State v. Pittsburg Paving Brick Co.*, 117 Kan. 192, 230 Pac. 1035; 2 Wharton's Crim. Ev., 1478, sec. 857; 1 Bishop on Criminal Law, 9th ed., 775, sec. 1049 (2).)

*State v. Gutke*, 25 Ida. 737, 139 Pac. 346, upheld a plea of *former acquittal* (distinct from a plea of former jeopardy, sec. 19–1612, I. C. A.), based upon an acquittal of a misdemeanor, pleaded in bar of a subsequent misdemeanor charge on the same set of facts, in that the state had had a free choice of election and if it selected one misdemeanor upon which the defendant was acquitted it could not thereafter try him on another misdemeanor charge predicated on the same state of facts. The court did not consider a factual situation similar to that herein where death (a potential premise for a consequent felony prosecution) ensued subsequent to the attaching of jeopardy on a misdemeanor.

As against a plea of former jeopardy the state had no more free choice after plea of guilty than after sentence, and it elected before sentence on the misdemeanor, by instituting the charge of murder in the second degree, information thereon being filed September 1, 1939, the day sentence was pronounced on the misdemeanor charge. In other words

the state exercised choice as soon as death ensued by then instituting the homicide charge. It could not have done so before plea of guilty, because Peasley was not then dead. Jeopardy on the acts and omissions resulting in death had not attached and could not attach before death. (*Diaz v. United States*, 223 U. S. 442, 32 Sup. Ct. 250, 56 L. ed. 500, Ann. Cas. 1913C, 1138.) Certainly the state need not on the one hand wait after every battery for a year and a day to determine whether the assaulted party dies and then proceed, or lose the right to prosecute for the greater offense. Nor on the other hand would it be just to hold an assaulting defendant for a year and a day as a potential murderer on the possibility of death ensuing within that time. (*Ex parte Grove*, 43 Ida. 775, 254 Pac. 519; *In re Jay*, 10 Ida. 540, 79 Pac. 202; *In re Searles*, 10 Ida. 542, 79 Pac. 1132.)

Conceding the prosecution should not have withdrawn its motion for a dismissal of the misdemeanor charge and that such dismissal would not have been a bar under sec. 19–3406, I. C. A., to the subsequent prosecution for a felony (*State v. McKeehan*, 49 Ida. 531, 289 Pac. 993) appellant by his resistance to the motion to dismiss may not now complain because the misdemeanor charge was not dismissed. (*People v. Lucas*, 78 Cal. App. 421, 248 Pac. 691; *State v. Pettinger*, 94 Cal. App. 297, 271 Pac. 132; *State v. Todd*, 145 Wash. 647, 261 Pac. 397; *State v. Aikers*, 87 Utah, 507, 51 Pac. (2d) 1052; *State v. Alvord*, 46 Ida. 765, 271 Pac. 322.) No prejudice resulted therefrom because if the felony charge would lie if death ensued (as for changed or different acts and/or omissions) after sentence was pronounced, it would equally lie as against the plea of former jeopardy after plea of guilty to the misdemeanor charged because jeopardy had attached at the time of the plea.

In this connection Instruction No. 19,[1] complained of by appellant, was correct as applied to the situation herein.

---

[1] Instruction number 19:

"You are instructed that in addition to the charge of murder of the second degree, the Information in this case also charges the included offenses of voluntary manslaughter, involuntary manslaughter, battery and simple assault. If you do not find the defendant guilty of murder of the second degree, you may then consider the evidence for the

The decisive point therefore is whether the action herein is barred by sec. 17–301, I. C. A.[2] It will be noted the Constitution, article 1, section 13, is less restrictive.[3] The courts under statutes similar to sec. 17–301, I. C. A., *supra*, have held that ensuing death is a sufficient additional act and/or omission to prevent a plea of previous jeopardy on a prosecution of a lesser offense prior to death, from barring a subsequent prosecution for a homicide charge. (*People v. Herbert*, (Cal. App.) 51 Pac. (2d) 456, affirmed in 6 Cal. (2d) 541, 58 Pac. (2d) 909; *People v. Coltrin*, (Cal. App.) 48 Pac. (2d) 973, affirmed in 5 Cal. (2d) 649, 55 Pac. (2d) 1161; *State v. Empey*, 65 Utah, 609, 239 Pac. 25; 44 A. L. R. 558; *People v. Wilson*, 193 Cal. 512, 226 Pac. 5; see, also, *Southworth v. State*, 98 Fla. 1184, 125 So. 345.) Appellant presents no authorities to the contrary and we have found none.

The judgment is therefore affirmed.

Budge, Morgan and Holden, JJ., concur.

Ailshie, C. J., concurs in the conclusion.

---

purpose of determining whether or not the defendant is guilty of voluntary or involuntary manslaughter, as charged in the Information; and in that event, if you find from the evidence, beyond a reasonable doubt, that the defendant is guilty of voluntary or involuntary manslaughter, as charged, then you will return your verdict accordingly. But, if after considering all the evidence you have a reasonable doubt of the defendant's guilt of either murder of the second degree, or manslaughter, then you will find the defendant not guilty.

"As to the included offenses of battery and simple assault, you are instructed that you cannot consider the question of the defendant's guilt of either one of these included offenses in this case, because the defendant has heretofore been put in jeopardy on these charges in the Probate Court of this County. So that if you do not find the defendant guilty of either murder of the second degree, or voluntary or involuntary manslaughter, then you must acquit him."

[2] 17–301, I. C. A.: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[3] Constitution, article 1, section 13: " . . . . No person shall be twice put in jeopardy for the same offense; . . . . "