## Commonwealth v. McNair

*Edward C. Boyle*, District Attorney, for Commonwealth.

*M. Barney Cohen*, for defendant.

LEWIS, J., November 23, 1962.—This matter comes before the court on a motion by defendant to quash an indictment wherein he stands charged with the crime of murder and/or manslaughter, and another indictment wherein he stands charged with involuntary manslaughter.

Defendant gives as his reasons: (1) that he has already been found not guilty of assault with intent to kill based on the same set of circumstances, and (2) that he was discharged when a writ of habeas corpus was granted by former Judge John T. Duff and no appeal was taken by the Commonwealth.

The facts of the case are substantially as follows:

On January 23, 1960, defendant shot one Harvey Wilson. Wilson survived the shooting although he was paralyzed and bed-ridden until January 18, 1961, when he died. In the meantime, after assurances that the victim was out of danger, defendant was indicted and tried on a two-count indictment charging assault with intent to kill and violation of the Uniform Firearms Act of June 11, 1931, P. L. 497.

On October 21, 1960, the jury returned a verdict of not guilty as to the assault with intent to kill and guilty of violation of the Firearms Act.

Defendant was sentenced on the second count of the indictment to pay a fine of $50 and placed on probation for one year.

After the death of Harvey Wilson, defendant was arrested again and indicted for murder and/or voluntary manslaughter, and in a separate indictment was indicted for involuntary manslaughter.

At the coroner's inquest, relative to those charges, the Commonwealth presented no additional testimony other than was presented when defendant was tried on the original charge of assault with intent to kill.

Defendant was held for the grand jury and immediately filed a petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County at no. 1546 April term, 1961. Former Judge John T. Duff, who heard the case, found that defendant was being illegally held and ordered him discharged.

In his opinion, Judge John T. Duff pointed out that the Commonwealth had admitted that no new evidence,

except the death of Harvey Wilson, could be produced at a trial involving the charges above set forth, and he concluded that "to allow a second prosecution on the same state of facts for a crime which depends, for conviction, upon the same intent as that previously tried, . . . is contrary to the principles of the criminal law." The Commonwealth did not appeal the decision of Judge Duff. Defendant, nevertheless, was indicted on the present charges. The Commonwealth has filed no brief nor has it in any way indicated that any new evidence has been found since the habeas corpus proceeding.

We are now called upon to decide, upon the strength of these facts ,whether or not defendant should be made to stand trial on the charges contained in the present indictments.

Defendant first contends that the court in permitting the present indictments to stand would be violating the rule against double jeopardy, or to be more accurate, the doctrine of autrefois acquit.

In general, a previous acquittal protects defendant from being tried again for the same offense, but it does not protect him from a trial for a different offense: Commonwealth v. Ramunno, 219 Pa. 204; Commonwealth v. Comber, 374 Pa. 570.

The rule as adopted in Pennsylvania provides that no person should be convicted of both an included and a greater offense and that an acquittal of a minor or lessor offense included in a greater offense, will bar a prosecution for the greater: Commonwealth v. Thatcher, 364 Pa. 326; Commonwealth v. Arner, 149 Pa. 35.

This principle also finds expression in our statutes. Section 51 of the Act of March 31, 1860, P. L. 427, 19 PS §831, provides that no person tried for a misdemeanor shall be subject to a later prosecution for a felony based on the same set of facts.

The protection thus afforded a defendant does not extend further than an offense of which defendant might have been convicted upon the first indictment: Commonwealth v. Comber, 374 Pa. 570.

In Commonwealth v. Forney, 88 Pa. Superior Ct. 451, 465, the court stated: "A former acquittal is only a bar where the defendant could have been convicted on the first indictment of the charge preferred in the second: Hilands v. Commonwealth, 114 Pa. 372."

In the present case, when defendant was first tried he could not have been indicted for murder because the victim was still living, and at that time, murder had not been committed. The only crime for which he could have been charged at that time was felonious assault, or a lesser crime. The state need not postpone a trial on the mere contingency that murder might later result, nor should defendant be held for any unreasonable length of time as a potential murderer on the possibility that death might ensue: State v. Randolph, 61 Idaho 456, 102 P. 2d 913.

The only appellate court decision in Pennsylvania which sheds any light on the law in Pennsylvania in regard to a case of this kind is the case of Commonwealth v. Ramunno, 219 Pa. 204. In that case, defendants were indicted and convicted of assault with intent to kill. The day after they were committed to the penitentiary, the victim died. Subsequently, they were tried and convicted of murder. The Supreme Court in affirming the judgment said, at page 208:

"When they were tried in 1907 for murder, it was for an offense of which they were guiltless in the preceding year. Murder is committed only when the victim of the assault dies. How, then, could the plea of autrefois convict have been successfully pleaded in bar of the indictment for murder, when no murder had been committed at the time of the former conviction? Authorities not only uniform, but without number,

sustain the view of the trial judge that the prisoners had never before been in jeopardy or punished for the crime of murder. It would be an affectation of research to attempt to cite them, all recognizing the rule as laid down in 4 Bi. Com. 336: The plea of former acquittal or former conviction must be upon a prosecution for the same identical act and crime. Courts in England and this country have without exception announced the principle that unless the first indictment was such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second. 'When the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of autrefois acquit is generally good, but not otherwise': Hilands v. Commonwealth, 114 Pa. 372. The evidence in support of the indictment for murder could not have secured a conviction of that crime on the first indictment charging only assault upon a person then living. . . ."

This decision seems to be in accord with the decisions in other States which have likewise held that a conviction or an acquittal of assault with intent to kill is not a bar to a subsequent prosecution for murder: Powell v. State, 253 Ala. 41, 42 So. 2d 693; State v. Wilson, 85 Ariz. 213, 335 P. 2d 613; People v. Dugas, 310 Ill. 291, 141 N. E. 769; State v. Wheeler, 173 La. 753, 138 So. 656; Hill v. State, 149 S. W. 2d 93 (Tex.); State v. Randolph, supra, and Territory of Hawaii v. Nihipali, 40 Hawaii 331.

It is, therefore, the opinion of the court that the former acquittal on a charge of assault with intent to kill is not a bar to a subsequent charge of murder and/or voluntary manslaughter. The indictment must be quashed for another reason, however. The prior judgment of acquittal is conclusive upon questions of

facts or law distinctly put in issue and directly determined upon the trial of the former indictment.

The doctrine of res judicata "conclusively determines not only the ultimate fact established by a verdict and judgment, but every other fact necessarily found in reaching the conclusion as to that ultimate fact": Commonwealth v. Greevy, 271 Pa. 95, 101; Commonwealth v. Moon, 151 Pa. Superior Ct. 555.

On a charge of assault with intent to kill, the State is required to prove elements that would convict defendant of either first or second degree murder, if death had resulted: Commonwealth v. Vanchaski, 42 Pa. Superior Ct. 294; Commonwealth v. Wheatley, 89 D. & C. 261.

At the first trial on the charge of assault with intent to kill, defendant admitted he shot the victim, but pleaded self-defense. Self-defense, therefore, was an issue in the case. The fact that the jury found defendant not guilty of any offense makes clear that they accepted defendant's plea of self-defense; otherwise they would have found defendant guilty of assault with intent to kill, aggravated assault and battery, or simple assault, in accordance with the instructions of the trial judge.

The finding by the jury in the first trial is decisive unless new evidence is available to the Commonwealth.

The Commonwealth has admitted by its demurrer to the petition for writ of habeas corpus, and Judge Duff, in his opinion at no. 1546 April term, 1961, found, that no new evidence could be produced at the second trial, except that the victim in the meantime had died. This fact could not possibly affect the facts and issues already determined by the jury in the first trial.

Therefore, the elements of the offense of murder and manslaughter, having been determined adversely to the Commonwealth, conviction would not be possible under the present indictments without contradicting the former determination of such facts and issues.

The involuntary manslaughter indictment would also be barred by the finding of the jury in the first trial. Involuntary manslaughter is defined as " 'the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty' ": Commonwealth v. Aurick, 342 Pa. 282, 288.

Even if we assume that defendant's act, in shooting the victim at or near some vital part of the body, falls within this definition, he still could not be convicted of involuntary manslaughter. The jury by accepting the plea of self-defense in the prior case necessarily found that defendant's act was excusable and, therefore, his use of force under the circumstances was lawful. Thus, without further evidence being offered, the elements of involuntary manslaughter also have been determined adversely to the Commonwealth. One jury could not find that the use of force in this case was lawful and another jury find the same act, under the same facts, unlawful, without one jury contradicting the other.

The doctrine of res judicata, as stated by Mr. Justice Frankfurter in his concurring opinion in U. S. ex rel. Marcus v. Hess, 317 U. S. 537, is largely a judicial doctrine, and is aimed at avoiding the waste and vexation of relitigating issues already decided between the same parties: Commonwealth v. Moon, 151 Pa. Superior Ct. 555, 564. We believe that a trial on this indictment would be nothing but a relitigation of issues already decided, and that the doctrine of res judicata requires us, under these facts, to quash the indictments.

It is also the opinion of the court that defendant cannot be required to stand trial under the present indictments because he was discharged by Judge Duff under the writ of habeas corpus and the Commonwealth has failed to take an appeal from the court's ruling.

An order in a habeas corpus proceeding which discharges defendant is a final order which disposes of the proceeding and is one from which an appeal may be taken by the Commonwealth: Commonwealth ex rel. Smith v. Butler, 19 Pa. Superior Ct. 626; Commonwealth ex rel. Scolio v. Hess, 149 Pa. Superior Ct. 371; Doyle v. Commonwealth ex rel. Davis, 107 Pa. 20.

The Commonwealth, not having appealed the order of Judge Duff discharging the prisoner, is now precluded from prosecuting defendant under the present indictments.

Therefore, it is the opinion of the court, for the reasons set forth in this opinion, that the present indictments against defendant should be quashed.

### Order of the Court

And now, November 23, 1962, it is ordered, adjudged and decreed that the indictments filed against defendant in the above entitled cases be and the same are hereby quashed.