ELMER MAY, Jr., Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 6864

June 20, 1973                    510 P.2d 1368

[Rehearing denied October 25, 1973]

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,*
Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District
Attorney, and *Charles L. Garner,* Chief Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Appellant was convicted of rape after a trial in which the
only identification witness was the victim. He now presents two
specifications of error, both of which concern the court's
charging of the jury.

First, appellant claims the trial court erred in refusing to
give an instruction to the effect that the jury must examine
the testimony of the prosecuting witness with caution because

the charge of rape is one which is easy to make but difficult to disprove.[1]

1. In support of this specification of error appellant cites People v. Nye, 237 P.2d 1 (Cal. 1951), which stated, in dicta, that it was incumbent on the court to instruct the jury that since charges of sex offenses are easy to make and difficult to disprove, the testimony of the victim should be examined with caution. The court proceeded to hold, however, that the error was not prejudicial because the instruction would not likely have changed the jury verdict.

The refusal to give such an instruction is not prejudicial error if the evidence clearly points to defendant's guilt, the victim's testimony is corroborated or there are other factors which show that the defendant has been given a fair trial. People v. Merriam, 426 P.2d 161 (Cal. 1967); People v. Failla, 414 P.2d 39 (Cal. 1966); People v. House, 320 P.2d 542 (Cal.App. 1958).

This court held in Scott v. State, 72 Nev. 89, 94, 295 P.2d 391, 394 (1956), as follows:

> "[C]onfining our conclusion to the facts of this case in which competency of the complaining witness was firmly established . . . the corroborating evidence [of identification] . . . the lack of any inherent incredibility in the testimony, the entire lack of any elements of spite, vengeance, vindictiveness or other base motives, coupled with the full instructions given by the court as to the credibility of witnesses and the necessity of proof beyond a reasonable doubt, we are satisfied that there was no error in the refusal to give the cautionary instructions. See annotation to, People v. Lucas, 16 Cal. 2d 178, 105 P.2d 102, appearing at 130 A.L.R. 1489, 1491."

In the case at bar there was adequate corroboration upon all points except that of the identity of the defendant. As to that issue the testimony of the prosecuting witness was clear and definite. Her testimony was not marked by any inherent incredibility nor was it shown to be motivated by elements

---

[1] "A charge such as that made against the defendant in this case is one, which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore, I charge you that the law requires that you examine the testimony of the prosecuting witness with caution."

of spite, vengeance, personal vindictiveness or any other base motive. The jury was fully instructed as to the necessity of proof beyond a reasonable doubt and the factors to be considered in determining the credence and weight of testimony of the witnesses. They were also duly cautioned against bias, prejudice and sympathy.

Under the circumstances, the refusal to give the cautionary instruction was not prejudicial since it is most unlikely that the verdict would have been different had the instruction been given.

2. Appellant also contends the court erred in giving two jury instructions, both of which informed the jury that they could convict on the uncorroborated testimony of the victim.[2]

First, it must be noted that both instructions are a correct statement of the law of this state, i.e., that in a rape case a jury may convict on the uncorroborated testimony of the prosecuting witness. Bennett v. Leypoldt, 77 Nev. 429, 366 P.2d 343 (1961). Second, appellant's claim is not that the instructions incorrectly stated the law but that it was improper to give both of them.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.

[2]"INSTRUCTION NO. 6.

"The Court instructs the jury that it is your province to determine the weight and credibility to be given the testimony of a female upon whom it is alleged in an information that a rape has been committed, and who testifies to the facts and circumstances of such rape as of any other witness testifying in the case. And if such testimony creates in the minds of the Jury a satisfactory conviction and belief, beyond a reasonable doubt of the defendant's guilt, it is sufficient of itself without other corroborating circumstances or evidence to justify a verdict of guilty of rape upon the trial of the case.

". . . .

"INSTRUCTION NO. 12.

"It is not essential to a conviction in this case that the testimony of the prosecutrix be corroborated by other evidence. It is sufficient if, from all the evidence, you believe beyond a reasonable doubt that the crime of rape was committed by the defendant as alleged."