DOVE DOUGLAS STALLEY, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 7781

October 23, 1975                            541 P.2d 658

*Morgan D. Harris,* Public Defender, *Jerry E. Shiles* and
*Howard Ecker,* Deputy Public Defenders, Clark County, for
Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, *Daniel M. Seaton,* Chief Deputy District

Attorney, and *Frank Cremen,* Deputy District Attorney, Clark
County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from judgments entered upon jury verdicts
finding Dove Douglas Stalley guilty of forcible rape (NRS
200.363), second degree kidnaping (NRS 200.310(2)), and

the use of a deadly weapon in the commission of a crime (NRS 193.165), for which he has been sentenced to serve respectively the terms of life with the possibility of parole, fifteen years, and life with the possibility of parole. The sentences are to run consecutively. Six claims of error are asserted. In our view, none has merit and we affirm each conviction.

On December 14, 1973, the female victim, Gladys Tremaine, purchased a used car from Freddie's Auto Brokers where Stalley was employed as chief mechanic. About two hours later the car ceased to function and she telephoned Freddie's Auto Brokers for assistance. Soon thereafter Stalley arrived, but was unable to start the car. Stalley was driving a white Chrysler automobile, and offered to take Gladys home. She accepted his offer and advised Stalley of her destination. Stalley, however, drove in a different direction, and when she asked him to return to the proper course or she would jump from the car, he said, "Jump at 35 miles an hour or stay and get balled." He pointed a small calibre revolver at her and pressed it against her temple. Later, he pointed a knife at her and demanded that she undress. He stopped the car and sexual intercourse occurred. She then unsuccessfully attempted to escape. Stalley resumed driving and continued to threaten her. She somehow managed to put on her coat and shoes, and when the car slowed for a turn, jumped therefrom, and ran and hid in the desert until Stalley had left the scene. She returned to the road and beckoned a passing car, which stopped, and the driver took her to the Las Vegas Police Department where she reported the occurrence, and then was taken to the hospital. She was in a highly emotional state. Her knees, abdomen and arms were abrased and bruised.

Because of the victim's description of Stalley, his Chrysler automobile, and place of employment, the police arrived at Stalley's home the following day. Stalley exited his home towards the white Chrysler car and was placed under arrest for rape. The car at that moment was occupied by Mrs. Stalley, a co-owner. The police impounded the car as evidence and removed it to the impound lot for later processing by the identification bureau.

The next day the car was photographed, checked for fingerprints, weapons, clothing, semen stains, and any other item of evidence that may bear relevance to the crime for which Stalley had been arrested. A search warrant was never obtained.

In the rear seat of the car was a trench coat, in the pocket of which was a knife. The victim testified at trial that Stalley was wearing a trench coat during their ride and that the knife was

similar to the one he had used to threaten her. The coat and knife were received in evidence.

Although the police search of the car did not produce a small calibre revolver, a bartender testified that he had evicted Stalley from his bar for brandishing a small calibre revolver. This happened within several hours after the ride with Gladys Tremaine. We turn to discuss the assigned errors.

1. Stalley argues that the knife taken from the pocket of the trench coat on the rear seat of the white Chrysler automobile was the product of an illegal search and should not have been received in evidence. Although the search at the police impound lot sometime after the arrest cannot be justified as a search incident to arrest [Preston v. United States, 376 U.S. 364 (1964); Thurlow v. State, 81 Nev. 510, 406 P.2d 918 (1965)], it did not, in our view, offend constitutional proscriptions.

The officers came upon the automobile suddenly and inadvertently when they arrived at Stalley's home to place him under arrest. At that moment, they had probable cause to believe that the rape had occurred in that vehicle and that it contained items subject to seizure. Indeed, the officers had good reason to believe that the automobile itself was evidence. Moreover, it was in plain view and could have been removed by Stalley's wife, a co-owner. These circumstances satisfy the criteria of Carroll v. United States, 267 U.S. 132 (1925), and Chambers v. Maroney, 399 U.S. 42 (1970), which approved seizure of the automobiles involved and delayed searches at the station. Cf. Coolidge v. New Hampshire, 403 U.S. 443 (1971), in which there was no "exigency" when the initial seizure occurred. We hold that the seizure of the automobile and the delayed search and examination thereof was constitutionally permissible. Wright v. State, 88 Nev. 460, 499 P.2d 1216 (1972); Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974).

2. It is contended that the conviction for second degree kidnaping must be annulled since the kidnaping was but a subsidiary incident to the crime of rape. In pressing this point the appellant relies mainly upon the New York case of People v. Levy, 204 N.E.2d 842 (1965), and the California decision in People v. Daniels, 459 P.2d 225 (1969). Both cases involved convictions for kidnaping and robbery. The circumstances in Levy led the court to conclude that the kidnaping involved a

contemporaneous robbery and, therefore, was not to be considered a separate crime. Consequently, the kidnaping conviction was set aside. And, in Daniels the court ruled that if the movements of the victim are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself, the kidnaping conviction cannot stand.

NRS 200.310(2) defines second degree kidnaping.[1] As noted in Jacobson v. State, 89 Nev. 197, 510 P.2d 856 (1973), "The statute is quite broad, and designates alternative circumstances which fall within its sweep. The crime is complete, for example, whenever it is shown that a person willfully and without lawful authority seizes another with the intent to keep him secretly imprisoned, or to detain him against his will. The proof of either alternative will support the charge." Id. at 202, 203.

In the case before us the rape and kidnaping were not contemporaneous in the sense expressed by the New York court in People v. Levy, supra. Neither may it be stated that movements of the victim were merely incidental to the commission of the rape and did not substantially increase the risk of harm above that necessarily present in the crime of rape itself, the California test enunciated in People v. Daniels, supra. Here, after the initial asportation and consummation of rape, Stalley resumed driving his car with the victim detained therein against her will and continued to threaten her. At that point, if not before (a matter on which we express no opinion) a separate crime was committed, and the risk of further harm to the victim over and above that existing in the crime of rape itself was present. The conviction for second degree kidnaping may stand.

3. It is claimed that prejudicial error occurred when the court received in evidence the knife found in the trench coat pocket, since one charge in the complaint was the "use of a deadly weapon in the commission of a crime to-wit: a gun." Argument is offered that the presence of the knife in evidence would confuse the jury and lead it to believe that the knife was the deadly weapon involved in that particular charge rather than the gun as alleged.

---

[1]NRS 200.310(2): "Every person who shall willfully and without authority of law seize, inveigle, take, carry away or kidnap another person with the intent to keep such person secretly imprisoned within the state, or for the purpose of conveying such person out of the state without authority of law, or in any manner held to service or detained against his will, shall be deemed guilty of kidnaping in the second degree."

The victim testified that Stalley had threatened her with a knife and with a gun, and that the knife found in the trench coat pocket was similar to the one used to threaten her. Positive identification of the object used is not required. Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968). It is sufficient if the knife fits the general description given by the victim. Lofton v. People, 450 P.2d 638 (Colo. 1969).

The knife was corroborative of the victim's testimony and relevant to the charges of forcible rape and kidnaping. The court did not err.

4. It is contended that the gun used to threaten the victim was not shown to be a "deadly weapon," and that the conviction for use of a deadly weapon in the commission of a crime cannot stand.

The wording of the statute under which he was charged refutes this contention. "Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished. . . ." NRS 193.165. By the words "firearm or other deadly weapon," the legislature has declared that a firearm is a deadly weapon within the contemplation of the statute. Proof of its deadly capabilities is not required. To require such proof would frustrate the legislative purpose to deter crime by providing a greater penalty when a firearm is used in the commission of a public offense.[2]

5. The trial court refused a cautionary instruction offered on behalf of the accused, and such refusal is assigned as reversible error. The instruction was "that a charge of rape is easily made and difficult to disprove, and therefore, the prosecuting witnesses' testimony should be examined with caution." The same contention was made and, by this court rejected in May v. State, 89 Nev. 277, 510 P.2d 1368 (1973). We perceive no reason to depart from our decision in that case.

6. We deny out-of-hand the last assigned error challenging the competency of defense counsel and his handling of the trial.

Each conviction is affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2]NRS 193.165 is not challenged on constitutional grounds and we express no opinion in this regard.