55906. SMITH v. THE STATE.

BIRDSONG, Judge.
Rickey Smith appeals his conviction of armed robbery and aggravated assault. The evidence shows that Smith and two others entered a small rural store and

conducted themselves in such a way that the proprietor was afraid she was going to be robbed. A customer entered the store before anything occurred and the three men left. A short while later, the same three men entered another small rural store and robbed the proprietor of slightly more than $100. The victim identified Smith as one of the robbers. The jury was warranted in concluding that after the cash register had been rifled, the robbers struck the victim in the head with a glass bottle and the pistol that was used to carry out the robbery. Reading the record together with the transcript, it reasonably appears that the proprietor of the first store entered, gave a description of the three persons who had acted suspiciously in her store. This description led investigating officers to Smith's companions. The officers were able to establish that Smith was related to the co-accused, resembled the composite of one of the persons in the first store and was shown to be present with the co-accused on the day of the incident, who apparently were identified as being part of the trio of robbers. This, plus information from tips in the community caused the officers to arrest Smith. After his arrest, Smith was given his Miranda rights and gave a statement implicating himself in the robbery. Smith enumerates five alleged errors, the fifth concerning a denial of a new trial based upon the first four enumerations of error. *Held:*

1. In the first enumeration of error, Smith complains that the trial court erred in failing to suppress the confession because the confession followed an illegal arrest and secondly because the confession was the product of coercion and a promise of leniency. We have no hesitance in concluding that the record and transcript in this case indicate probable cause for the arrest of the appellant. *Moore v. State,* 128 Ga. App. 20 (195 SE2d 275). Though there was a conflict in the evidence as to whether threats were used, whether there was a promise of reward for the statement, and whether appellant understood his rights, these issues were fully explored in the Jackson-Denno hearing. The trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210

SE2d 673) and was not error. *Phillips v. State,* 238 Ga. 497, 498 (233 SE2d 758). The first enumeration of error is without merit.

2. In the second enumeration of error, appellant complains that the court erred in denying a motion for new trial. This alleged error occurred when the proprietor of the first store was allowed to testify that she believed the three men who entered her store were bent on robbing her. The trial court excluded the testimony and instructed the jury to disregard it. While we are inclined to believe that this testimony may have been admissible to show plan, or motive or to establish identity (*Thomas v. State,* 239 Ga. 734, 736 (238 SE2d 888); *Smith v. State,* 142 Ga. App. 1, 3 (234 SE2d 816)), any conceivable error was cured by the exclusion of the evidence by the trial court followed by the curative instructions. *Lee v. State,* 239 Ga. 769, 774 (4, 5) (238 SE2d 852). The trial court properly denied the motion for a mistrial.

3. Appellant urges in his third enumeration of error that it was error to deny his motion for directed verdict of acquittal. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311). The testimony of the victim alone was enough to warrant the submission of the case to the jury. In reviewing that action, the proper standard to be utilized by this court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). We find no error in this case.

4. In the fourth enumeration of error, appellant argues that the trial court should have required the state, on appellant's motion, to elect whether it would proceed upon the armed robbery or aggravated assault charge. Smith contends that the offenses are one and the same. We disagree. The facts clearly show that the armed robbery had been completed and that the victim was struck in the head with a bottle as well as the pistol as the robbers were exiting the store. Thus, the two offenses of armed robbery and aggravated assault were separate for trial and sentencing under these facts. *Whitehead v. State,* 144 Ga. App. 836 (242 SE2d 754).

5. Based upon the foregoing, the trial court did not

err in denying the motion for new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JUNE 27, 1978.

*Williams & Starling, Donald A. Starling,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.