815 P.2d 450

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert A. LOWE, Defendant–Appellant.**

**No. 18948.**

Supreme Court of Idaho,
Twin Falls, May 1991 Term.

Aug. 22, 1991.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and James E. Leuenberger, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

JOHNSON, Justice.

This is a criminal sentencing case. The sole issue presented is whether it is a violation of I.C. § 18–301 for a trial court to impose two sentences on a defendant who pleaded guilty to vehicular manslaughter and aggravated driving under the influence (DUI) based on the defendant's collision with another vehicle while driving under the influence of alcohol. One occupant of the other vehicle was killed and one was seriously injured. We hold that the imposition of two sentences under these circumstances did not violate I.C. § 18–301.

### I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

On September 24, 1988, Robert A. Lowe was driving under the influence of alcohol when his vehicle collided with one driven by Mary Smith and occupied by her children Blake and Bryan. The collision caused serious injuries to Mary and Blake.

On September 26, 1988, Lowe was charged with one count of aggravated DUI, which included an allegation that Lowe caused great bodily harm to Mary and Blake. On October 18, 1988, the complaint against Lowe was amended to charge him with two counts of aggravated DUI—one alleging great bodily harm to Blake and a second alleging great bodily harm to Mary. Following a preliminary hearing on that same day, Lowe was bound over to district court on the two counts of aggravated DUI.

Mary died on October 18, 1988. The next day, the prosecuting attorney filed an information charging Lowe with two counts of aggravated DUI. On the motion of the prosecutor, on October 19, 1988, the trial court dismissed the count alleging great bodily harm to Mary. The prosecutor then filed a separate charge of vehicular manslaughter against Lowe, alleging that the collision on September 24, 1988, caused Mary's death.

Subsequently, Lowe pleaded guilty to both the aggravated DUI and the vehicular manslaughter. The trial court sentenced Lowe to a fixed term of two years followed by an indeterminate term of four years for the vehicular manslaughter and to a fixed term of eighteen months and an indeterminate term of three years for the aggravated DUI. The trial court ordered the sentences to run consecutively and not concurrently. At the sentencing hearing, Lowe's attorney objected to the sentences "as being double punishment for the same acts." Lowe appealed and raised this issue.

This Court assigned the case to the Court of Appeals which affirmed the imposition of the sentences. On Lowe's petition, we granted review.

### II.

### THE SENTENCES DID NOT VIOLATE I.C. § 18–301.

Lowe asserts that the sentences imposed on him violate I.C. § 18–301, because they

punished him twice for the same act—colliding with another vehicle while operating his own vehicle under the influence of alcohol. We disagree.

The statute at issue here provides:

**18–301. Acts punishable in different ways—Double jeopardy.—**

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

I.C. § 18–301.

In 1914, Chief Justice Ailshie, writing for the Court, reviewed the origin and purpose of the statute:

[T]he statute ... is not dealing with the "same offense," but the same "act or omission." In other words, the legislature has said that where an *act* or an *omission* to act is a violation of different statutes of this state and may be punished under several statutes, the state may elect as to the statute under which it will prosecute the party, but "in no case can" such party "be punished under more than one" statute. This statute appears to have been adopted from California by the 1872 codes, and it was first introduced into the Idaho statutes in the 1887 Revised Statutes. The commission which proposed the Revised Statutes of 1887 of this territory was composed of some of the ablest lawyers in the territory, and they were undoubtedly familiar with the conflicting decisions and diversity of opinion among lawyers and judges as to just when a party can be legally said to have been "once in jeopardy" under the constitutional provision and when he may be again tried for the commission of the same act which is a violation of another statute, and, in our opinion, it was for the purpose of setting this question at rest, so far as any conflict might arise in Idaho, that this statute was adopted. This was before the admission of the state and the adoption of the constitution, and the legislature accordingly directed its prohibition against twice prosecuting a man for the same "act or omission," although that act or omission might be a violation of *several statutes* and therefore constitute *several offenses.*

*State v. Gutke,* 25 Idaho 737, 741, 139 P. 346, 347 (1914) (emphasis in original).

In *State v. Randolph,* 61 Idaho 456, 102 P.2d 913 (1940) the Court considered a case in which the defendant engaged in a fight with a person and was charged with assault and battery. The defendant pleaded guilty and was sentenced. The victim of the assault and battery later died, and the prosecutor filed a murder charge against the defendant. The defendant pleaded former jeopardy, but the trial court rejected this defense. At trial, the defendant was convicted of manslaughter. On appeal, the Court affirmed the manslaughter conviction, stating that the death of the victim was "a sufficient additional act and/or omission" to avoid the effect of the statute that is now designated as I.C. § 18–301. 61 Idaho at 461, 102 P.2d at 915.

In *State v. Brusseau,* 96 Idaho 558, 532 P.2d 563 (1975), the Court applied *Randolph* in upholding a conviction for voluntary manslaughter of a defendant who had previously pleaded guilty and had been sentenced for assault with intent to murder the same victim. In *Brusseau,* the defendant also questioned being punished for both manslaughter and assault with intent to murder. Justice Shepard, writing for the Court, pointed out that multiple punishment was not addressed in *Randolph* and then stated:

The proscription against multiple prosecution does not bar a second prosecution when an additional fact or circumstance has developed following the first prosecution which subjects a defendant to criminal liability for a larger or more serious offense. Nevertheless our statute proscribes multiple punishment of a defendant in such circumstances.

96 Idaho at 560, 532 P.2d at 565. The Court vacated the sentence of ten years for voluntary manslaughter and affirmed the sentence of fourteen years for assault with intent to commit murder. *Id.* at 561, 532 P.2d at 566.

The lesson we learn from *Randolph* and *Brusseau* is that where there is only one victim, there can be successive prosecutions for offenses that originate out of an act or omission, if an additional fact or circumstance has developed following the first prosecution. The defendant, however, may be punished only once for the original act or omission.

In this case, there were two victims. The fact that Lowe's vehicle collided with the Smith vehicle only once, does not mean Lowe was guilty of only one act or omission. Lowe's conduct constituted a separate act or omission with regard to each victim.

Under *Randolph* and *Brusseau*, if the prosecution for aggravated DUI based on injury to Mary Smith had culminated in a conviction before Mary's death and if Mary had died within a year and a day after the collision, Lowe could have been prosecuted for vehicular manslaughter. I.C. § 18–4008. Upon Lowe's conviction for vehicular manslaughter, however, he could have been punished only once for the two offenses based on Mary's injury and subsequent death.

In this case, the fact that the person who suffered great bodily harm in the aggravated DUI (Blake) is different than the person who was killed in the vehicular manslaughter (Mary) is significant. Lowe's injury of Blake was one act or omission; Lowe's killing of Mary was another act or omission. I.C. § 18–301 was not intended to prevent multiple prosecutions or punishments in cases where more than one victim is involved.

### III.

### CONCLUSION.

We affirm Lowe's sentences for vehicular manslaughter and for aggravated DUI.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.