824 P.2d 127

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Wayne GARNER, Defendant–Appellant.**

**No. 18876.**

Supreme Court of Idaho, Boise, November 1991 Term.

Jan. 16, 1992.

Byington, Holloway, Whipple & Jones, Chtd., Burley, for defendant-appellant. E.W. (Skip) Carter argued.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

This case requires us to decide whether I.C. § 18–301 prohibits the state from prosecuting and punishing an individual for multiple counts of aggravated driving under the influence (DUI) arising from one accident. We conclude that our recent decision in *State v. Lowe*, 120 Idaho 252, 815 P.2d 450 (1991) governs, and affirm the convictions and sentences.

In this case, the state charged Douglas Wayne Garner with three counts of aggravated DUI arising from an accident in which a pickup he was driving collided with a vehicle occupied by a married couple. The collision killed a passenger in Garner's pickup and injured the couple. Following the accident, the concentration of alcohol in Garner's blood was measured at 0.23.

Garner moved to dismiss two of the counts of aggravated DUI on the basis of I.C. § 18–301. The trial court denied Garner's motion, and Garner entered a conditional plea of guilty to the three counts, reserving the right to appeal the denial of his motion. The trial court sentenced Garner to three concurrent terms of two to five years—one term for each count.

In *State v. Lowe*, we said: "I.C. § 18–301 was not intended to prevent multiple prosecutions or punishments in cases where more than one victim is involved." 120 Idaho at 255, 815 P.2d at 453. I.C. § 18–301 is less applicable here than it was in *Lowe*. In *Lowe*, there were two victims and two charges—one for vehicular manslaughter and another for aggravated DUI. In this case, there were three victims, and all three charges were for aggravated DUI. The restrictions of I.C. § 18–301 are limited to cases where "[a]n act or omission ... is made punishable in different ways by different provisions of [the criminal] code." In this case the act or omission is made punishable under the provisions of the aggravated DUI statute only.

We affirm Garner's convictions and sentences.