BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY; NEVADA; AND JAY BINGHAM, DON SCHLE-SINGER, PAUL J. CHRISTENSEN, THALIA M. DON-DERO, YVONNE ATKINSON GATES, KAREN HAYES AND BRUCE WOODBURY; AND GOLF CENTERS OF AMERICA, INC., APPELLANTS, v. LAS VEGAS DIS-COUNT GOLF & TENNIS, INC., RESPONDENT.

No. 25535

June 14, 1994                                       875 P.2d 1045

*Rex Bell,* District Attorney and *James L. Taylor,* Deputy District Attorney, Clark County, for Appellant Board of County Commissioners of Clark County.

*Lionel Sawyer & Collins* and *Cam Ferenbach,* Las Vegas, for Appellant Golf Centers of America, Inc.

[7]The Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.

THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.

*Moran & Weinstock,* Las Vegas; Goodman & Chesnoff, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On September 7, 1993, the Board of County Commissioners of Clark County, Nevada ("the Board"), publicly advertised its desire to receive proposals to run a golf concession at McCarran International Airport in Las Vegas, Nevada.[1] Five companies, including appellant Golf Centers of America, Inc. ("GCA") and respondent Las Vegas Discount Golf and Tennis, Inc., ("LVDGT") submitted proposals. Following a public hearing on the matter, the Board accepted GCA's proposal. Respondent then petitioned the district court for a writ of mandamus requiring the Board to set aside the selection of GCA to run the golf concession. On February 18, 1994, the district court issued findings of fact and conclusions of law and ordered the clerk of the court to issue a permanent writ of mandamus to the Board requiring it to set aside its agreement with GCA and to allow all applicants to re-submit proposals to run the airport concession. The Board and GCA appeal.[2]

On April 29, 1994, appellants asked this court to expedite the appeal process because of the economic hardship to appellants and because the issues presented in this appeal were fully briefed in the court below; respondent filed an opposition to appellants' request to expedite the appeal. Cause appearing,[3] we granted

---

[1]This opinion was originally issued on June 7, 1994, as an order of remand. On June 8, 1994, respondent sought reconsideration of our order. Upon reconsideration, we determined that our order was correct in all material respects, and we further determined that the original order should be placed in opinion form and published in the Nevada Reports.

[2]The members of the Board, Jay Bingham, Don Schlesinger, Paul J. Christensen, Thalia M. Dondero, Yvonne Atkinson Gates, Karen Hayes, and Bruce Woodbury, also appeal in their official capacities as members of the Board.

[3]According to affidavits filed with this court, Clark County estimates that if this project is delayed for one year the costs to Clark County would be

appellants' request to expedite the appeal and ordered the parties to adhere to the following briefing schedule: Appellants' opening brief was to be filed on or before May 9, 1994, and respondent's answering brief was to be filed on or before May 24, 1994. Any reply brief was to be filed on or before June 3, 1994. We also set this appeal for oral argument in June of 1994. Respondent filed a motion asking this court to reconsider its order expediting the appeal because it was "unreasonable and unwarranted." We denied that motion. Respondent also filed a motion to dismiss the appeal, which this court also denied.

Respondent did not meet the May 24, 1994, filing deadline set forth in our order. Because of the expedited briefing schedule, on May 26, 1994, the office of the clerk of this court took the unusual step of attempting to contact counsel for respondent by telephone to inquire about the status of the answering brief that was now past due. Counsel was unavailable and did not return the call. The clerk's office attempted to contact counsel again on May 27, 1994, and twice more on May 31, 1994, each time to no avail.

On May 31, 1994, appellants filed a motion for confession of error, urging this court to exercise its discretion under NRAP 31(c) and treat respondent's failure to file an answering brief as a confession of error. On June 6, 1994, respondent filed an opposition, arguing that this court should deny the motion for confession of error, and should instead vacate the expedited briefing schedule. According to respondent, our supposedly "unreasonable" briefing schedule, and not its contumacious conduct, has resulted in its failure to file the answering brief.[4]

NRAP 31(c) empowers this court to deny a respondent the right to oral argument if respondent fails to file a timely answering brief, or the court may treat respondent's failure as "a confession of error" and make "appropriate disposition of the appeal" at that point. In State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984), we warned that "in the future, when this court perceives a lack of regard for its rules or decisions, we may well impose sanctions such as striking a brief, dismissing an appeal, or finding a confession of error. Additionally, the attorneys involved may be referred to the bar for discipline." (footnote omitted); see also Summa Corp. v. Brooks

---

some $686,385.00. The loss in additional revenues at McCarran Airport also causes harm to the general public because it forces the airport to maintain its current landing fees, which could be substantially reduced if the golf concession goes through. GCA also estimates that it is losing some $26,000.00 per week while this matter is pending on appeal.

[4]Appellants' proposed reply to the opposition was returned unfiled because of procedural deficiencies. NRAP 27(a).

Rent-A-Car, 95 Nev. 779, 602 P.2d 192 (1979) (treating failure to file an answering brief as a confession of error); Melvin L. Lukins & Sons v. Kast, 91 Nev. 116, 532 P.2d 602 (1975) (reversing judgment without considering the merits because respondent failed to file an answering brief); *accord* Kitchen Factors, Inc. v. Brown, 91 Nev. 308, 535 P.2d 677 (1975).

Respondent's failure to comply with the briefing schedule set by order of this court would be, in and of itself, sufficient grounds for this court to find a confession of error. Such a finding is particularly warranted in the instant case, however, because any delay in disposition of this appeal costs appellants, the taxpayers of Clark County, and the customers of the airport in general, thousands of dollars daily. Accordingly, we will treat respondent's failure to comply with the schedule set by order of this court as a confession of error. The district court is ordered to vacate its findings of fact, conclusions of law and order. The Board's prior decision is reinstated, and the district court is ordered to entertain no further proceedings in this matter other than to remand the case to the Board. The Board may then take whatever further action it considers appropriate.[5]

ROSE, C. J., STEFFEN, SPRINGER and SHEARING, JJ., and ZENOFF, SR. J.,[6] concur.

---

[5]We have reviewed the record on appeal and also note without deciding that the district court's decision appears to have been erroneous. A writ of mandamus is not appropriate to compel the performance of a discretionary act. *See, e.g.,* Building and Constr. Trades v. Public Works, 108 Nev. 605, 836 P.2d 633 (1992). NRS 496.090 vests the Board with the discretion to enter into contracts or other commercial arrangements under such terms and conditions as it may choose so long as they are reasonable and uniform. It does not appear that the Board "manifestly abused" that discretion to such a degree as to warrant the issuance of an extraordinary writ. Thus if this court were to reach the merits of this appeal, it appears quite likely that the Board would prevail.

[6]THE HONORABLE ROBERT E. ROSE, Chief Justice, assigned THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CLIFF YOUNG, Justice. Nev. Const. art. 6, § 19, SCR 10.