DAVID MICHAEL TURNER, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 25021

March 30, 1995                    892 P.2d 579

*Gensler and Kuehn,* Tonopah, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert S. Beckett,* District Attorney, *Gary W. Barr,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

By the Court, Springer, J.:

This court today repudiates the so-called "Lord Hale" instruction in sexual offense cases, whereby juries have been instructed that sexual offense charges are "easily made, and once made, difficult to disprove even if the defendant is innocent."

On February 8, 1993, the State charged appellant David Michael Turner (Turner) with three counts of statutory sexual seduction, a violation of NRS 200.364(3)(b) and NRS 200.368. At the conclusion of the trial, Turner's counsel offered the following instruction:

A charge such as that made against the defendant in this case is one, which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent.

> From the nature of a case such as this, the complaining witness and the defendant are usually the only witnesses. Therefore, the prosecuting witness['] testimony should be examined with caution.

The district court refused to give the instruction, and the jury subsequently found Turner guilty on all three counts. Turner appeals, contending that the district court erred when it denied his request for the stated "Lord Hale" instruction.

The instruction at issue in the present case originates in the writings of Sir Matthew Hale, Lord Chief Justice to the King's Court of King's Bench from 1671 to 1676. People v. Rincon-Pineda, 538 P.2d 247 (Cal. 1975). In the past this court has permitted the giving of the "Lord Hale" instruction. *See, e.g.,* May v. State, 89 Nev. 277, 510 P.2d 1368 (1973); Scott v. State, 72 Nev. 89, 295 P.2d 391 (1956). Today we decide that the "Lord Hale" instruction has no place in Nevada jurisprudence. It is an anachronism and should never be given. Charges by sexual offense victims are *not* "easily made." Sexual offense victims encounter a number of serious disincentives to report sexual offenses and testify at trial, including: (1) the initial emotional trauma of submitting to the official investigatory processes; (2) the fear of humiliation attendant to the publicity surrounding a sexual offense charge and embarrassment caused by demeaning defense tactics at trial; and (3) the vicious and discouraging process of "blaming the victim," whereby the police, the public, and the jury seek to determine whether a potential sexual offense charge was "victim-precipitated." *Rincon-Pineda,* 538 P.2d at 258; *see generally* Mary White Stewart and Suzanne Stormon, *A Study of the Nevada Justice System's Response to Sexual Assault: A Report to the Nevada Supreme Court Gender Bias Task Force* (1991) (discussing difficulties that women encounter in reporting sexual assault and calling for police, attorneys, judges and advocates to reconsider the way in which sexual assault cases are handled in Nevada).

The "Lord Hale" instruction was based upon false assumptions upon which courts can no longer properly rely in the giving of instructions to a jury in a sexual offense case. We hold that the "Lord Hale" instruction is improper and condemn its future use in Nevada courts. Accordingly, we conclude that the district court did not abuse its discretion in refusing to give the instruction. We affirm the district court's judgment of conviction.

STEFFEN, C. J., YOUNG, SHEARING and ROSE, JJ., concur.