In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-4042

CLARENCE GROSS,

*Plaintiff-Appellant,*

*v.*

TOWN OF CICERO, ILLINOIS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 9465—**John W. Darrah**, *Judge*.

DECIDED JUNE 6, 2008

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.    This appeal was closed
administratively on May 9 for failure to prosecute. Appel-
lant has asked for reconsideration. That motion has
been referred to the motions panel for the week in which
the appeal was dismissed, given the rule that a single
judge cannot "dismiss or otherwise determine an appeal".
Fed. R. App. P. 27(c).

Clarence Gross was Chairman of Cicero's Board of
Police and Fire Commissioners until January 2002. He

contends in this action under 42 U.S.C. §1983 that his removal violated the first amendment and the equal protection clause of the fourteenth. Some issues were resolved by summary judgment. After a bench trial on the remaining issues, the judge found in defendants' favor—not only on Gross's claim but also on Cicero's counterclaim for restitution. Gross filed a notice of appeal on November 15, 2006. The record reached this court on December 12. That started the 40 days for appellant to file his brief. Fed. R. App. P. 31(a)(1).

Although the brief thus was due in January 2007, the court granted motions for extra time. After the delay had lasted beyond a year, appellees opposed a motion seeking yet more time. The court on March 6, 2008, allowed appellant all of the time he requested in his latest motion—until April 21, 2008—but added: "No further extensions of time will be granted, and failure to file the appellant's brief by the due date as extended will result in the dismissal of the appeal for failure to prosecute." When the brief did not appear until April 25, this promise was kept and the appeal was dismissed. This is the order that appellant wants us to rescind.

Appellant gives two reasons for the belated filing. First, he maintains, the delay from January 16, 2007, the original due date, to April 21, 2008, was not so long that the court should have forbidden further extensions. The parties were engaged in negotiations, counsel says, and it made sense to explore settlement before investing the efforts needed to write a brief. There are several problems with this line of argument, not least that if Gross's counsel deemed the order of March 6 improvident, she should have asked us to reconsider *that* order, rather than filing four days late. Courts cannot operate without setting

and enforcing deadlines. More than 17 months passed between the notice of appeal and the final due date for the opening brief; that is ample. What's more, counsel for the appellees informed appellant's lawyer on March 3 that he would not agree to further delay, and appellant's lawyer does not say that any additional negotiations occurred. Plenty of time remained to meet the April 21 deadline for the opening brief.

Second, appellant's lawyer relies on Fed. R. App. P. 25(a)(2)(B), which reads:

> A brief or appendix is timely filed . . . if on or before the last day for filing, it is:
>
> > (i) mailed to the clerk by First-Class Mail, or other class of mail that is at least as expeditious, postage prepaid; or
> >
> > (ii) dispatched to a third-party commercial carrier for delivery to the clerk within 3 calendar days.

The "Proof of Service" included with appellant's brief reads: "The undersigned states that the [brief] was served . . . by placing the document in envelopes, postage prepaid, and delivering it to the United States Postal Service on April 21, 2008". Counsel further represented that "one original and fourteen paper copies of the Appellant's brief were sent this 21st day of April, 2008 via commercial carrier to" the court. If these statements had been true, then the brief would have been accepted. But they are not true, as appellant's counsel now admits. The brief arrived in the clerk's office on April 25 by courier, and accompanying documents show that it was placed in the courier's hands on April 25, not April 21.

The motion to reconsider represents that counsel planned to ship the brief by FedEx on April 21 and left the task to a paralegal, who delegated it to an assistant, who did not do it. Not until April 25 did the paralegal discover that the brief had not been dispatched. The paralegal then arranged for a courier to deliver the brief to the clerk's office. Counsel adds in a footnote: "Unfortunately, this has not been the first time [that counsel] has had issues with that particular employee, who has since been disciplined."

Although the motion to reconsider tells us that the paralegal was out of the office from April 22 through April 24, it does not reveal why counsel herself did not ensure that an employee, known to be unreliable, had dispatched the brief (or for that matter why the paralegal lacked a system for checking up). The law is full of deadlines, and delay can lead to forfeiture. See *Schiavone v. Fortune*, 477 U.S. 21 (1986); *United States v. Locke*, 471 U.S. 84 (1985). Complaints must be filed by the last day of the period of limitations. So must collateral attacks, and a single day's delay can foreclose review even in a capital case. See *Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004). The time for filing a notice of appeal is even more strict; it is a jurisdictional limit. See *Bowles v. Russell*, 127 S. Ct. 2360 (2007).

Time limits set by judges, unlike those in statutes, often can be extended, and the time for filing a brief is one of those flexible periods. See Fed. R. App. P. 26(b). When judges can decide whether to be strict or lenient, it is important to match the sanction to the offense. See *Mommaerts v. Hartford Life & Accident Insurance Co.*, 472 F.3d 967 (7th Cir. 2007); *Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994). Small shortcomings should not be treated

the same as serious ones; otherwise people will take excessive care to avoid small injuries, while there will be no marginal deterrence of more serious problems. At the same time, the right response to carelessness of the sort exhibited here is not to say "never mind" and proceed as if everything had been done properly. Then deadlines would be toothless. Both the court and the appellees have been inconvenienced by the false certificate and the delay. The court and its staff have had to handle several rounds of unnecessary submissions; appellees devoted legal time to filing motions to strike the untimely brief, and responding to the motion to reconsider.

Financial sanctions can fill the gap between winking at the delict (Gross's preferred outcome) and dismissal with prejudice (appellees' preference). The injury here is financial (legal time, and even inconvenience, have monetary equivalents), so a financial penalty is appropriate. We will reinstate the appeal if, within ten days, appellant's counsel pays a sanction of $5,000, half to appellees and half to the clerk of court. Otherwise the motion to reconsider will be denied. We do not pretend that $5,000 is a figure reached by exact calculation, but it is enough to lead to more care in the future, without being too large in relation to the normal legal costs of handling an appeal.