LEVENRAL DEMARLO POLK, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 52733

June 3, 2010                                    233 P.3d 357

[Rehearing denied July 30, 2010]
[En banc reconsideration denied September 3, 2010]

*David M. Schieck*, Special Public Defender, and *JoNell Thomas*, Deputy Special Public Defender, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, *Steven S. Owens*, Chief Deputy District Attorney, and *Giancarlo Pesci*, Deputy District Attorney, Clark County, for Respondent.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we have the duty to publicly reiterate the importance of submitting attentive appellate briefs and the unfortunate obligation to address the unforgiving consequences resulting from a respondent's failure to respond to relevant issues raised on appeal. In his opening brief, appellant Levenral Polk argues that his constitutional right to confrontation under the Sixth Amendment of the United States Constitution and *Crawford v. Washington*, 541 U.S. 36 (2004), and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), was violated when the findings of a gunshot residue analyst who did not testify at trial and was not subject to cross-examination were admitted. In its answering brief, the State failed to directly address the *Crawford* and *Melendez-Diaz* issue or argue, alternatively, that any potential constitutional violation was harmless error. Polk argues in his reply that because the State failed to respond to Polk's alleged constitutional violation, it effectively confessed error under NRAP 31(d). We agree and reverse and remand for a new trial.

## FACTS

In 1999, Polk was indicted for shooting and killing Walter Hodges at a bus stop in Las Vegas. Shots fired from a stationary vehicle struck Hodges, who was standing near the vehicle's passenger window. Witnesses subsequently saw the vehicle flee the scene with one occupant inside. The vehicle belonged to Leslie Harris, Polk's girlfriend, who had permitted Polk to use the vehicle on the night of the shooting.

During the investigation, detectives took forensic samples from the vehicle to be tested for gunshot residue. In preparation for Polk's trial, a total of five samples were tested by Michelle Fox, a gunshot residue analyst. Samples 1-3 were taken from the vehicle that investigators believed would contain gunshot residue, sample 4 was a "control" sample taken from the vehicle, and sample 5 was an unapplied piece of adhesive also tested as a "control" sample. The State did not receive the test results until the trial had already commenced. Therefore, Fox did not testify at trial and none of the gunshot residue samples were admitted as evidence. Polk was, nevertheless, convicted of first-degree murder with use of a deadly weapon and discharging a firearm out of a motor vehicle.

Eventually, the Ninth Circuit Court of Appeals determined that the jury instructions in Polk's trial were unconstitutional. *See Polk v. Sandoval*, 503 F.3d 903, 913 (9th Cir. 2007).[1] The court instructed the federal district court to grant Polk's petition for a writ of habeas corpus "unless the State elect[ed] to retry Polk within a reasonable time." *Id.*

The State retried Polk in 2008. Prior to Polk's second trial, the State requested that certain gunshot residue samples be re-tested. Because Fox had retired and was unavailable for Polk's second trial, Laurie Kaminski re-tested samples 1 and 3 but did not re-test sample 2 or the "control" samples (samples 4 and 5). At trial, Kaminski was qualified as a gunshot residue expert and testified about her test results for samples 1 and 3. Over the objection of defense counsel, Kaminski was also permitted to testify regarding the test results of control sample 5, which had been previously tested by Fox but not Kaminski. Specifically, Kaminski testified that "[Fox] reported finding no gunshot residue particles on that sample." At the conclusion of the second trial, Polk was convicted of second-degree murder with the use of a deadly weapon and discharging a firearm out of a motor vehicle.

In his current appeal, Polk asserts, among other issues, that admission of Fox's test results of sample 5 through Kaminski's testimony violated Polk's right to confront or cross-examine Fox under

---

[1]In *Nika v. State*, 124 Nev. 1272, 1285-87, 198 P.3d 839, 848-50 (2008), we disagreed with the Ninth Circuit Court of Appeals' reasoning and conclusion in *Polk*.

*Crawford* and *Melendez-Diaz*. In its answering brief, the State asserts that Kaminski's testimony was admissible because she was an expert witness offering her opinion, which may be based upon inadmissible evidence under NRS 50.285; however the State did not address *Crawford* or *Melendez-Diaz*, nor did it assert that any potential error was harmless. *See Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 477 (2006) (recognizing that any potential prejudice from a *Crawford* violation will be reviewed under a harmless-error analysis). In his reply brief, Polk points out that the State's argument on the admissibility of hearsay testimony by an expert is limited to a statutory analysis of an expert witness's ability to testify and, in doing so, rely upon inadmissible evidence.[2] Polk argues that the State should be deemed to have confessed error by failing to respond to his argument concerning his constitutional right to confrontation under *Crawford* and *Melendez-Diaz*.

At oral argument, the State addressed for the first time Polk's alleged *Crawford* and *Melendez-Diaz* constitutional violations and asserted that the resulting error, if any, was harmless. When the court questioned the State about its failure to brief these constitutional issues, the State implored the court to consider the argument it was now making. Polk objected to the State being permitted to address the issue at oral argument when the State failed to respond to the issue in its answering brief.

## DISCUSSION

Under *Crawford*, the testimonial statement of an otherwise unavailable witness is inadmissible "unless the defendant had an opportunity to previously cross-examine the witness regarding the witness's statement." *Medina*, 122 Nev. at 353, 143 P.3d at 476. During the course of this appeal, the United States Supreme Court issued an opinion in *Melendez-Diaz* and held that admitting the testimony of a forensic analyst through affidavits without being subject to cross-examination is a violation of the Confrontation Clause. 557 U.S. at 329.

In this case, Fox was unavailable to testify at trial and had never been subject to cross-examination by Polk; therefore, her state-

---

[2]The State's answering brief acknowledges but does not defend Polk's Confrontation Clause challenge, saying only that "Polk's constitutional right to confront witnesses was not violated by the trial court's decision to allow Kaminski to testify about the results of Fox's examination of Sample 5." This is insufficient to discharge a party's obligation to the court to provide legal authority and analysis, *see Smith v. Timm*, 96 Nev. 197, 201-02, 606 P.2d 530, 532 (1980), an obligation the respondent shares with the appellant where, as here, the appellant presents a properly briefed and supported claim of error. *See* C. Wright, A. Miller, E. Cooper & C. Struve, *Federal Practice and Pro-*

ments or test results are not admissible under *Crawford*. To the extent that Fox's test results of sample 5 were admitted through Kaminski's testimony, we conclude that a *Crawford* and *Melendez-Diaz* violation occurred. Normally, when there is a *Crawford* violation, we will review the prejudicial effects of the violation under a harmless-error analysis, which does not require reversal if the State can " 'show ''beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'' ' '' '*Medina*, 122 Nev. at 355, 143 P.3d at 476-77 (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967))); *see also Ennis v. State*, 122 Nev. 694, 702, 137 P.3d 1095, 1101 (2006). Until oral argument, however, the State failed to brief any constitutional issues remotely related to a *Crawford* violation and failed to assert that any potential *Crawford* violation was harmless.

We previously stated that we ''expect[ ] all appeals to be pursued with high standards of diligence, professionalism, and competence,'' *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003), and that " '[w]e intend to impress upon the members of the bar our resolve to end . . . lackadaisical [appellate] practices.' '' *Id.* at 672, 81 P.3d at 544 (quoting *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993)). NRAP 31(d) is a discretionary rule providing that if a respondent fails to file an adequate response to an appeal, this court may preclude that respondent from participating at oral argument and consider the failure to respond as a confession of error.[3] In determining whether to treat the failure to brief an issue as a confession of error under NRAP 31(d), we recognize that the consequences should be proportionate to the failure. *See Gross v. Town of Cicero, Illinois*, 528 F.3d 498, 500 (7th Cir. 2008) (noting that in applying sanction for noncompliance with rules of appellate procedure, ''it is important to match the sanction to the offense'').

We have routinely invoked our discretion and enforced NRAP 31(d) when no answering brief has been filed. *See County Comm'rs v. Las Vegas Discount Golf*, 110 Nev. 567, 569-70, 875

---

*cedure* § 3974.2, at 274 (4th ed. 2008) (''[A respondent] who fails to include and properly argue a contention in the [respondent's] brief takes the risk that the court will view the contention as forfeited.''). Furthermore, the State's general assertion does not address the harmless error point, as to which the State bears the burden of proving that the error was harmless.

[3]NRAP 31(d) states, in pertinent part:

If a respondent fails to file an answering brief, respondent will not be heard at oral argument except by permission of the court. The failure of respondent to file a brief may be treated by the court as a confession of error and appropriate disposition of the appeal thereafter made.

P.2d 1045, 1046 (1994); *State of Rhode Island v. Prins*, 96 Nev. 565, 566, 613 P.2d 408, 409 (1980). We have also determined that a party confessed error when that party's answering brief effectively failed to address a significant issue raised in the appeal. *See Bates v. Chronister*, 100 Nev. 675, 681-82, 691 P.2d 865, 870 (1984) (treating the respondent's failure to respond to the appellant's argument as a confession of error); *A Minor v. Mineral Co. Juv. Dep't*, 95 Nev. 248, 249, 592 P.2d 172, 173 (1979) (determining that the answering brief was silent on the issue in question, resulting in a confession of error); *Moore v. State*, 93 Nev. 645, 647, 572 P.2d 216, 217 (1977) (concluding that even though the State acknowledged the issue on appeal, it failed to supply any analysis, legal or otherwise, to support its position and "effect[ively] filed no brief at all," which constituted confession of error), *overruled on other grounds by Miller v. State*, 121 Nev. 92, 95-96, 110 P.3d 53, 56 (2005). We have also concluded that confession of error occurred when a respondent has inexcusably disregarded applicable appellate procedures or court orders. *See Walport v. Walport*, 98 Nev. 301, 302, 646 P.2d 1215, 1215 (1982) (treating the respondent's failure to comply with two orders from this court to obtain counsel and file a brief as a confession of error); *State, Dep't Mtr. Vehicles v. Palmer*, 96 Nev. 599, 600, 614 P.2d 5, 5 (1980) (determining that the respondent's failure to comply with a court order to file a brief or request an extension warranted treating respondent's conduct as a confession of error).

However, we have elected not to apply NRAP 31(d) on occasions when the respondent has filed a response but inadvertently failed to respond to an inconsequential issue or had a recognizable excuse. *See Hewitt v. State*, 113 Nev. 387, 392, 936 P.2d 330, 333 (1997) (concluding that even though the State failed to address all of the appellant's issues, the issues were meritless and were being raised for the first time on appeal), *overruled on other grounds by Martinez v. State*, 115 Nev. 9, 11-12, 974 P.2d 133, 134-35 (1999); *State ex rel. Welfare Div. v. Hudson*, 97 Nev. 386, 388, 632 P.2d 1148, 1149 (1981) (refusing to adopt a confession of error when the respondent was not represented by counsel), *superseded by statute on other grounds as recognized in Smith v. County of San Diego*, 109 Nev. 302, 303, 849 P.2d 286, 287 (1993).

We recognize that the State filed a lengthy answering brief addressing Polk's other issues on appeal; however, the State failed to address Polk's argument that his constitutional right to confrontation under *Crawford* and *Melendez-Diaz* was violated. This is a significant constitutional issue that compels a response. The issue was clearly raised in Polk's opening brief and reply brief, the ar-

gument regarding it collectively consisting of approximately four pages. *Melendez-Diaz* was decided on June 25, 2009. The State filed its answering brief six weeks later, on September 10, 2009. In Polk's reply brief, he explicitly referenced the State's failure to directly address the constitutional issue. Even after being notified of its failure to respond to the *Crawford* and *Melendez-Diaz* issue, the State failed to supplement its response and elected to wait until oral argument to address the constitutional issue or harmless error. Such appellate practice causes prejudice to Polk's ability to adequately prepare for or respond during oral argument.

Accordingly, we grant Polk's oral motion to exclude the State's oral argument on the *Crawford* and *Melendez-Diaz* issues and disregard the State's argument. Because the constitutional right to confrontation under *Crawford* and *Melendez-Diaz* was repeatedly raised throughout the appeal, but the State failed to address or even assert that any potential violation was harmless error, we invoke our authority under NRAP 31(d) and consider the State's silence to be a confession of error on this issue.[4]

Accordingly, we reverse the judgment of conviction and remand this matter to the district court for a new trial.

DOUGLAS and PICKERING, JJ., concur.

---

[4]Polk also asserts on appeal that the district court improperly dismissed a juror who was using prescription narcotics without first consulting the parties, the district court failed to dismiss a juror who lost consciousness during the trial, the prosecutor committed prosecutorial misconduct, the district court improperly qualified an expert witness, the enhanced weapons statute is unconstitutional, and cumulative error was prejudicial. Given our conclusion that the State confessed error regarding Polk's Confrontation Clause claim, we do not reach the merits of these other claims.