An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LEE DAVIDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58459

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of burglary and one count of petit larceny. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Lee Davidson raises three errors on appeal.

First, Davidson contends that there was a complete collapse of the attorney-client relationship and the district court violated his Sixth Amendment rights by denying his motion to substitute counsel. We review the district court's decision for an abuse of discretion. See Young v. State, 120 Nev. 963, 968-69, 102 P.3d 572, 576 (2004) (discussing the three-factor analysis). Having considered the relevant factors, we conclude that the district court did not abuse its discretion in denying Davidson's motion to substitute counsel. See id. at 970, 102 P.3d at 577 (considering, among other factors, whether defendant filed his motion for dilatory tactics or bad faith interference with the administration of justice).

Second, Davidson contends that the district court erred by denying his motion to sever the charges against him into three separate cases. We review the district court's decision for an abuse of discretion. See Tillema v. State, 112 Nev. 266, 268, 914 P.2d 605, 606 (1996). We

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10430

conclude that the district court could determine that the three burglaries evidenced a common scheme or plan and that evidence from the three burglaries would be cross-admissible in separate trials. See id.; see also Graves v. State, 112 Nev. 118, 128, 912 P.2d 234, 240 (1996). Accordingly, the district court did not abuse its discretion in allowing the three burglaries to be joined together.

Third, Davidson contends that he was denied his right to confront the witnesses against him under the Confrontation Clause. Specifically, Davidson contends that the district court erred by permitting a witness who did not actually develop a DNA profile in the lab from the buccal swabs recovered from the scene of the crimes to testify that the DNA profile from those swabs matched Davidson's DNA profile based on the witness' review of the nontestifying analyst's certified report and the documentation generated by that analyst in the lab. The witness also testified that the analyst could not have made any mistakes because "he followed the procedures that would prevent anything like [a mix-up] from happening," which the witness testified that she confirmed by reviewing the documentation contained in the analyst's case file.

A report is testimonial if "it would lead an objective witness to reasonably believe that the statement would be available for use at a later trial." Vega v. State, 126 Nev. ___, ___, 236 P.3d 632, 637 (2010) (internal quotation marks omitted). Here, the nontestifying analyst developed a DNA profile from the buccal swabs recovered from the crime scene so that he could compare them to Davidson's DNA profile and then declared under the penalty of perjury that the conclusions in his report were true and correct. We conclude that an analyst conducting such an analysis would reasonably believe that his or her report and findings would be available

for use at a later trial. See id.; see also Williams v. Illinois, 567 U.S. ___, 132 S. Ct. 2221, 2260-61 (2012) (Thomas, J., concurring) (distinguishing between the reports in Bullcoming v. New Mexico, 564 U.S. ___, 131 S. Ct. 2705 (2011) and Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) and the report in Williams by noting that the Bullcoming and Melendez-Diaz reports were sworn or certified).[1]

This court has previously held that expert testimony regarding the content of a testimonial statement in a written report may function as the equivalent of a testimonial statement, see Vega v. State, 126 Nev. ___, ___, 236 P.3d 632, 638 (2010), and that another analyst's testimony as to the testimonial statements of a nontestifying analyst violates the Confrontation Clause, see Polk v. State, 126 Nev. ___, ___, 233 P.3d 357, 359 (2010) (relying on the Supreme Court opinions in Crawford v. Washington, 541 U.S. 36 (2004), and Melendez-Diaz). Although the State relies on the opinion of the plurality in the Supreme Court's recent decision in Williams v. Illinois, 567 U.S. ___, 132 S. Ct. 2221 (2012), to rebut Davidson's contention, it fails to acknowledge that the analyses and conclusions of the plurality were repudiated by a five-justice majority. See Williams, 567 U.S. at ___, 132 S. Ct. at 2257 (2012) (Thomas, J., concurring) (agreeing with the four dissenters, that "[t]here is no meaningful distinction between disclosing an out-of-court statement so that the factfinder may evaluate the expert's opinion and disclosing that statement for its truth"); see also id. at ___, 132 S. Ct. at 2268 (Kagan, J., dissenting). Accordingly, in light of this court's Confrontation Clause

---

[1]We also note that the analyst's statement was prepared for the primary purpose of accusing Davidson, a "targeted individual." See Williams, 567 U.S. at ___, 132 S. Ct. at 2242 (plurality opinion).

SUPREME COURT
OF
NEVADA

(O) 1947A

jurisprudence, the facts of this case, and the "divergent analyses and conclusions of the plurality and dissent" in Williams which "[a]t the least . . . casts doubt on using expert testimony in place of testimony from an analyst," see United States v. Turner, No. 08-3109, 2013 WL 776802, at *1 (7th Cir. Mar. 4, 2013), we conclude that the expert witness' testimony violated Davidson's rights under the Confrontation Clause.

Because the district court erred by admitting the testimony, we must determine whether this error was harmless beyond a reasonable doubt. See Medina v. State, 122 Nev. 346, 355, 143 P.3d 471, 476-77 (2006). The State bears the burden of proving that this error was harmless. Polk, 126 Nev. at ___ n.2, 233 P.3d at 359 n.2. The State contends that this error was harmless because Davidson was captured on video surveillance in all three burglaries, he was wearing similar shoes to those shown on the video surveillance at the time of his arrest, and he had small cuts on his body which were consistent with the type of injuries one would sustain in committing the burglaries. During closing arguments, Davidson argued that the surveillance videos were not clear and only depicted a balding African-American male. Because the State has not provided this court with a copy of the surveillance videos or requested that this court direct the district court clerk to transmit the original exhibit, see NRAP 30(d), we cannot determine whether the videos were sufficiently clear for the jury to determine the identity of the person depicted in the images. Therefore, we conclude that the State has failed to satisfy its burden of proving that the Confrontation Clause violation was harmless beyond a reasonable doubt, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk