# IN THE SUPREME COURT OF THE STATE OF NEVADA

LADONNA ANTWANETTE BOOKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74405

FILED

JAN 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count conspiracy to violate the Uniform Controlled Substances Act, one count trafficking in a controlled substance, and one count possession of controlled substance with intent to sell. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In March 2013, officers with the Las Vegas Metropolitan Police Department (LVMPD) executed a search warrant at a residence where appellant Ladonna Booker, along with two other people, were present. A search of the residence yielded Booker's purse containing approximately $1300 in cash, multiple pieces of mail addressed to Booker found in a bedroom closet, Booker's cell phone, a loaded hand gun, more than an ounce of marijuana, and approximately thirteen grams of cocaine. Booker was arrested, indicted, and the State proceeded to trial.

Following a three-day jury trial, Booker was found guilty on all three counts. Booker appeals her convictions of trafficking in controlled substance (cocaine) and conspiracy to violate the Uniform Controlled Substances Act. She does not appeal her conviction for possession of

19-04783

controlled substance with intent to sell. Booker argues that: (1) the State presented insufficient evidence to convict her of the cocaine trafficking count because the State did not establish that she lived at the residence, and (2) reversal is warranted because the jury verdict form did not designate whether she was guilty of conspiracy to violate the Uniform Controlled Substances Act by way of felony trafficking or misdemeanor possession of a controlled substance with intent to sell.

"When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (internal quotation marks omitted). Circumstantial evidence is sufficient to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998).

Under NRS 453.3385(1), a person is guilty of trafficking in a controlled substance if he or she "knowingly or intentionally sells . . . or . . . is knowingly or intentionally in actual or constructive possession of . . . any controlled substance" prohibited by statute. Here, the State presented evidence showing that, upon executing the search warrant for the subject residence, the police found cocaine and marijuana in the residence as well as razor blades, digital scales, and sandwich bags. The evidence further adduced at trial demonstrated that Booker stayed at the

residence routinely because her boyfriend lived there, two letters addressed to Booker at the residence were located in the bedroom closet, and a cell phone identified as belonging to Booker and her purse were found inside the residence. The State also presented evidence of a series of text messages retrieved from Booker's cell phone between her and several individuals talking about "green," "a zip," an or "eighth," and an "extra ball," and discussing prices and meeting locations. And an LVMPD detective testified that "a zip" is an ounce, an "eighth" or "eight" ball refers to 3.5 grams of cocaine, and that "green" is marijuana.

Viewing the evidence favorably to the prosecution, we conclude that a rational juror could have reasonably concluded that Booker was knowingly and intentionally in constructive possession of cocaine and was thus guilty of the crime charged. We therefore conclude that sufficient evidence supports Booker's conviction for trafficking in a controlled substance.

Booker next argues that reversal is warranted because the jury verdict form did not designate whether she was guilty of conspiracy to violate the Uniform Controlled Substances Act by way of felony trafficking or misdemeanor possession of a controlled substance. We disagree.

As a preliminary matter, Booker did not object to the verdict form or raise this argument post-trial in the district court, she brings it for the first time on appeal. Therefore, we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) ("When an error has not been preserved, this court employs plain-error review."). Under plain error review, this court must determine "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)

 

(internal quotation marks omitted). Further, when the State advances multiple theories of guilt, the verdict stands if there is sufficient evidence for either theory. *Cortinas v. State*, 124 Nev. 1013, 1025-26, 195 P.3d 315, 323 (2008) (stating that a conviction may be affirmed if there is a "valid alternative basis upon which to rest a verdict").

At trial, the State presented two theories of liability on which to base the charge for conspiracy to violate the Uniform Controlled Substances Act: trafficking in a controlled substance (cocaine) and possession of controlled substance with intent to sell for the marijuana. As to the possession charge, the jury had three options under which they could find Booker guilty, two of which were felony charges and one of which was the misdemeanor charge for possession of a controlled substance that did not include the intent to sell. The jury found Booker guilty of the misdemeanor charge. But the verdict form did not specify under which theory of liability the jury could find Booker guilty of conspiracy to violate the Uniform Controlled Substance Act.

Regardless, because we conclude that sufficient evidence supports Booker's conviction for trafficking in a controlled substance and there was evidence presented to show that Booker conspired with others to sell cocaine, we perceive no error. Moreover, Booker never articulates how her substantial rights were prejudiced by the verdict form. *See Polk v. State,* 126 Nev. 180, 183 n.2, 233 P.3d 357, 359 n.2 (2010) (stating that a party is obligated "to provide legal authority and analysis" or risk forfeiting review by this court). Accordingly, we conclude that Booker's conviction for conspiracy to violate the Uniform Controlled Substance Act stands. *See Cortinas,* 124 Nev. at 1026, 195 P.3d at 323.

For the reasons set forth above, we

 

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas W. Herndon, District Judge
       Nguyen & Lay
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk